NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAVE ACCESS ACADEMY, an unincorporated association, | No. 19-35222 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00928-MO |
| v. | MEMORANDUM* |
| MULTNOMAH COUNTY SCHOOL DISTRICT NO. 1J, an Oregon public corporate entity by and through the Board of Directors of Multnomah County School District No. 1J; GUADALUPE GUERRERO, Superintendent, individually and in his official capacity, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 4, 2020**
Portland, Oregon

Before:  SCHROEDER, WATFORD, and HURWITZ, Circuit Judges.

Save Access Academy (SAA) appeals from the district court's order

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

granting summary judgment to Multnomah County School District No. 1J (the School District) on SAA's claims under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and the Rehabilitation Act of 1973. We affirm.

**1.** SAA argues that the School District violated its Fourteenth Amendment right to due process by splitting ACCESS Academy into two separate school buildings. As the district court correctly concluded, however, SAA lacks a protected property interest in ACCESS Academy as a single-site program. None of the state statutes, rules, or policy statements on which SAA relies confers such an interest, and the Oregon Supreme Court has explicitly recognized a school district's broad authority to assign public school students to various buildings, *Padberg v. Martin*, 357 P.2d 255, 258 (Or. 1960) (interpreting a prior version of Or. Rev. Stat. § 332.155, which is identical in all relevant respects to the current statute). Because SAA did not have a protected property interest at stake, the district court properly dismissed its § 1983 due process claim. *See Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904–05 (9th Cir. 1993).

**2.** SAA next contends that dividing ACCESS Academy into two buildings violates the ADA's integration mandate. *See* 42 U.S.C. § 12132; 28 C.F.R. § 35.130(d). In its view, the division discriminates against disabled students by hindering their ability to interact with their non-disabled peers. But the record does not support this assertion. Although the division separates elementary-school

students from middle-school students, it in no way segregates disabled students from their non-disabled peers. As a result, the School District cannot be held liable for discrimination under the ADA. *See* 42 U.S.C. § 12132.

**3.** SAA's claim under the Rehabilitation Act fails for the same reason. The School District can be held liable under § 504 of the Rehabilitation Act if it denied benefits to disabled students "solely by reason of [their] disability." 29 U.S.C. § 794(a). SAA has not provided any evidence demonstrating that the School District discriminated against disabled students solely on account of their disability. And contrary to SAA's assertions otherwise, the record does not present a genuine issue of material fact as to whether the single-site program was a reasonable accommodation for disabled students' asynchronous development.

For these reasons, the district court correctly granted the School District's motion for summary judgment.

**AFFIRMED.**